NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NICOLE GILBERT-DANIELS,

Plaintiff - Appellant,

v.

LIONS GATE ENTERTAINMENT,
INC.; STARZ ENTERTAINMENT,
LLC; CHERNIN ENTERTAINMENT,
LLC; KATORI HALL; LIZ
GARCIA; PATRIK IAN POLK,

Defendants - Appellees.

No. 24-153

D.C. No.
2:23-cv-02147-SVW-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted December 5, 2024[**]
Pasadena, California

Before: GRABER, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Nicole Gilbert-Daniels appeals the summary judgment entered in favor of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lions Gate Entertainment, Inc., et al. ("Defendants") in this copyright infringement action under the Copyright Act of 1976, alleging that Defendants' television show *P-Valley* infringed on Gilbert-Daniels' works entitled *Soul Kittens Cabaret* ("*SKC*"). *SKC* consists of three copyrighted works: the script of a 2006 musical stage play, the script of a 2010 musical stage play, and a 2014 motion picture of the stage performance. *P-Valley* premiered on Starz in 2020. On appeal, Gilbert-Daniels argues that the district court (1) abused its discretion in striking the expert report and declaration of Robert Aft, and (2) erred in its analysis of substantial similarity. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      We review for abuse of discretion the district court's decision to strike expert testimony, *see Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014), and afford a district court's evidentiary rulings a "high degree of deference," *United States v. Chang*, 207 F.3d 1169, 1172 (9th Cir. 2000). The district court did not abuse its discretion in striking Aft's expert report and declaration. Aft's expert report and declaration merely restate many of the "same generic similarities in expressive content" that Gilbert-Daniels had already presented. *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003), *overruled on other grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020) (en banc). Even if we were to consider Aft's expert report and declaration, the outcome of our analysis of substantial similarity would not change.

2

2.     We review de novo the district court's grant of summary judgment. *Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004). To establish copyright infringement, Gilbert-Daniels must show that (1) Defendants had access to her works,[1] and (2) *SKC* and *P-Valley* are substantially similar in protected expression. *See Rice*, 330 F.3d at 1174 (stating standard). Because "no reasonable juror could find substantial similarity of ideas and expression" between *SKC* and *P-Valley*, the district court did not err in granting summary judgment to Defendants. *Funky Films, Inc. v. Time Warner Ent. Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (citation omitted), *overruled on other grounds by Skidmore*, 952 F.3d at 1069.

In determining whether two works are substantially similar, "we employ a two-part analysis: an objective extrinsic test and a subjective intrinsic test." *Swirsky*, 376 F.3d at 845. For purposes of summary judgment, "only the extrinsic test is important." *Id*. Under the extrinsic test, we filter out unprotectable elements and then compare remaining "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events." *Rice*, 330 F.3d at 1174 (citation omitted).

Many of the purported similarities between the works are based on unprotectable elements such as generic plot devices, *see Funky Films*, 462 F.3d at

---

[1] Because Gilbert-Daniels fails to raise a genuine issue of material fact regarding substantial similarity, we need not address the element of access. *See Skidmore*, 952 F.3d at 1064.

1081, *and Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985); familiar stock scenes and themes, *see Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002), *and Berkic*, 761 F.2d at 1293–94; or scènes à faire that "flow naturally" from the basic premise of dancers or performers at a cabaret or exotic dancing venue, *Rice*, 330 F.3d at 1177 (quoting *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002)).

As the district court aptly noted, there are abundant dissimilarities in the respective works' plots, themes, dialogue, moods, paces, characters, and settings. What remains after filtering out the unprotectable elements consists of "random similarities scattered throughout the works," about which we are "particularly cautious." *Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984). Caution is especially warranted here, as several of Gilbert-Daniels' proffered comparisons reference materials that are not copyrighted, mischaracterize the works, or fail to cite directly to the materials at issue. Accordingly, we conclude that no reasonable jury could find substantial similarity between the protected aspects of *SKC* and *P-Valley*.

Our analysis does not change under *Metcalf* because there is no "striking" similarity between the two works' sequence and arrangement of unprotectable elements as compared to those at issue in *Metcalf*. 294 F.3d at 1073–74.

**AFFIRMED.**